UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Martha I. O. Mogaji

    v.                                             Civil No. 20-cv-249-JD
                                                          Opinion No. 2021 DNH 008

Rosa Chan, et al.

O R D E R

Martha I. O. Mogaji, proceeding pro se, brought suit in the District of Massachusetts against the owners of property where she rented space for her restaurant. She alleges that the defendants interfered with her businesses and seized and damaged her property. The case was transferred to this court based on venue.

The defendants filed an answer and asserted a counterclaim against Mogaji for breach of her lease. The defendants also raised affirmative defenses of a lack of subject matter jurisdiction, res judicata, and contributory negligence. The magistrate judge held a preliminary pretrial conference to set a discovery schedule and issued a scheduling order on August 18, 2020. Mogaji has moved for an extension of time to file motions for summary judgment and made other filings pertaining to discovery, and the defendants have filed a response.

A. <u>Jurisdiction</u>

Federal courts are courts of limited jurisdiction and are authorized to consider and decide only those cases that fall within the scope of their jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). For that reason, a court "is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." Spooner v. EEN, Inc., 644 F.3d 62, 67 (1st Cir. 2011); Fort Bend County, Texas v. Davis, 139 S. Ct. 1843, 1849 (2019). If jurisdiction is lacking, a court can proceed no further in the case. Godin v. Schencks, 629 F.3d 79, 83 (1st Cir. 2010).

In their answer, the defendants raised an issue about a defect in subject matter jurisdiction in this case, arguing that the amount in controversy requirement is not satisfied. The plaintiff, as the party who invoked this court's jurisdiction, bears the burden of showing that jurisdiction exists. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

In her amended complaint, Mogaji asserts that subject matter jurisdiction exists based on diversity of citizenship under 28 U.S.C. § 1332. To meet her burden, Mogaji must show that her citizenship is diverse from every defendant's citizenship and that the amount in controversy meets or exceeds $75,000. § 1332(a).

1. Diversity

Mogaji has alleged that she is a citizen of Massachusetts and that the defendants are citizens of New Hampshire. The defendants do not dispute those allegations. Two of the defendants, however, are entities rather than natural persons.

As alleged, one defendant is Nan King Restaurant. In their answer, the defendants identified Nan King Restaurant as the former name of a New Hampshire corporation, TRC Enterprise, Inc., which has been dissolved. A corporation is a citizen of every state in which it is incorporated. § 1332(c)(1). If, as alleged, the corporation was dissolved, it may nonetheless remain as a party for purposes of this suit. See, e.g., Dowgiert v. Hagopian, 2013 WL 1191896, at *1-*3 (D.N.H Mar. 22, 2013).

The other defendant entity is the TRC Trust, which the defendants identify as a New Hampshire Realty Trust that owns commercial real estate in New Hampshire. A trust, as an unincorporated entity, has the citizenship of each of its members. Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012, 1016-17 (2016). The members of TRC Trust have not been identified. Therefore, the complaint does not provide allegations that show the parties are diverse.

2. <u>Amount in Controversy</u>

To support disputed jurisdiction under § 1332(a), the plaintiff must allege facts to show that it is not a legal certainty that the amount in controversy is less than $75,000. Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 42 (1st Cir. 2012). To carry that burden, the plaintiff must allege specific facts in an amended complaint or provide supporting affidavits to substantiate the amount in controversy. Id. The court will dismiss the action if "it is apparent to a legal certainty, that the plaintiff was never entitled to recover a sum equal to, or in excess of, the jurisdictional minimum." Esquilin-Mendoza v. Don King Productions, Inc., 638 F.3d 1, 4 (1st Cir. 2011).

In the amended complaint, Mogaji alleges that the amount in controversy is more than $75,000 because "[t]he Damages were commercial properties of Forsyte Von Buren; Fharahs African Restaurant; Softcharms Beauty Studio; Plaza Prints & Design Studio, and Convenience Depot Store." Doc. no. 4, at *4. She further alleges that one defendant, Rosa Chan, stood in front of the business and told the customers that there were issues with the businesses, which caused customers to leave and caused five established businesses to suffer. She alleges that Chan supported other tenants in telling Mogaji "that Blacks were not welcomed in their neighborhood [and] that [Mogaji] should leave so they may move to [her] position in the premises." Doc. no.

4

4, at *5. Chan also ignored her complaints about trash being thrown in front of the businesses and cars being parked in front of them. She further alleges that she could not obtain town permits because the defendants would not sign the necessary forms.

Mogaji's allegations on their face do not provide sufficient information to determine the amount in controversy. Therefore, Mogaji must provide additional information, either in the form of an amended complaint or through an affidavit, that provides specific factual allegations about the harm and injuries she claims and the amount of damages she seeks. Among other relevant facts, Mogaji shall allege facts showing her relationship to the businesses she alleges were harmed, the businesses' status, meaning whether they are incorporated or not, the amounts she alleges that the businesses lost due to the defendants' actions, and the causes of any other losses or damages that she is seeking.

### 3. State Court Decision

Mogaji also challenges a state court decision that granted the defendants a writ of possession, which she alleges was affirmed on appeal. To the extent Mogaji seeks to overturn a state court decision, that claim is barred by the Rooker-Feldman doctrine, because federal courts lack jurisdiction to review and

overturn state court judgments.  See Tyler v. Supreme Judicial Court of Massachusetts, 914 F.3d 47, 50 (1st Cir. 2019).  Mogaji shall provide specific factual allegations to clarify her claim so that the court may determine whether jurisdiction exists to consider the claim.

   4.   Parties

   Mogaji is the only plaintiff in this case.  It appears, however, that she is alleging harm to five businesses.  She has not alleged whether those businesses are corporations, partnerships, or other unincorporated entities.  She also has not alleged what relationship she has to the businesses.

   The court's jurisdiction is limited to cases or controversies, meaning "a live dispute between adverse parties." Carney v. Adams, 141 S. Ct. 493, 498 (2020).  One aspect of a live dispute is that a party must have standing to bring the suit.  Id.  A party has standing to bring suit only if that party has suffered an actual injury that is traceable to the defendants and would be redressable by a favorable ruling in this case.  Id.

   In order to show that she has standing to bring the claims she alleges, Mogaji must provide facts about the businesses that she alleges were harmed.  If the businesses are corporations, they, but not Mogaji, have standing to bring the claims.  If

they are other unincorporated entities, Mogaji may have standing, depending on her ownership or interest in the businesses. Therefore, Mogaji shall provide sufficient information for the court to determine who the party or parties in interest are in this suit.

In response to an amended complaint or an affidavit filed by Mogaji, the defendants may move to dismiss for lack of subject matter jurisdiction or file notice that they agree that subject matter jurisdiction exists. In either case, the defendants shall provide sufficient information about the Nan King Restaurant and the TRC Trust to determine whether diversity of citizenship exists.

B. Other Pending Matters

Because of the jurisdictional issue, the discovery schedule established by the order, document no. 20, issued on August 18, 2020, is vacated. A new discovery schedule will be established if the court has jurisdiction to proceed in this case. As a result of the jurisdictional issue, the deadline for filing motions for summary judgment is vacated, which renders Mogaji's motion for an extension of time moot. The requirement to file a joint statement regarding the status of discovery is also vacated.

In addition, Mogaji has filed discovery that she propounded to the defendants.  Discovery is conducted between the parties and is not filed with the court unless relief is requested pursuant to Federal Rule of Civil Procedure 37.  The discovery procedures are provided in Federal Rules of Civil Procedure 26 through 37.  Although Mogaji is proceeding pro se, she must comply with the Federal Rules of Civil Procedure and the Local Rules in this district.  LR 4.3(b).  Therefore, the discovery that Mogaji has filed is struck from the record.

## Conclusion

For the foregoing reasons, the plaintiff's motion to extend the summary judgment deadline (doc. no. 21) is denied as moot.

The discovery materials filed by the plaintiff (documents nos. 22 and 23) are struck.

**On or before February 3, 2021**, the plaintiff shall file an amended complaint or an affidavit that alleges specific facts to address the amount in controversy requirement, information about the four businesses allegedly harmed by the defendants' actions, and the claim that challenges the state court decision, as is provided in this order.

The defendants shall file their response within fourteen days after the plaintiff's filing.

SO ORDERED.

                                             _____
                                             Joseph A. DiClerico, Jr.
                                             United States District Judge

January 12, 2021

cc:  Martha I. O. Mogaji, pro se.
     Counsel of record.