UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Martha I. O. Mogaji

    v.                              Civil No. 20-cv-249-JD
                                    Opinion No. 2021 DNH 044
Rosa Chan, et al.


O R D E R

    Martha I. O. Mogaji, proceeding pro se, brings claims
against the owners of property where she rented space for her
restaurant, alleging that the defendants interfered with her
businesses and seized and damaged her property.  The court
previously issued an order that addressed an issue of subject
matter jurisdiction that was raised by the defendants,
specifically whether Mogaji had alleged sufficient facts to show
the required amount in controversy under 28 U.S.C. § 1332.

    In the prior order, issued on January 12, 2021, the court
directed Mogaji to file an amended complaint or an affidavit
that alleged specific facts about the amount in controversy in
this case, which was to include information about the businesses
that she alleged had been harmed.  In response, Mogaji has filed
a "Motion to Amend Caption" and her affidavit.  The defendants
have moved to dismiss for lack of subject matter jurisdiction.

    Previously, the court stated that to support disputed
jurisdiction under § 1332(a), the plaintiff must allege facts to

show that it is not a legal certainty that the amount in controversy is less than $75,000.  Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 42 (1st Cir. 2012).  To carry that burden, the plaintiff must allege specific facts in an amended complaint or provide supporting affidavits to substantiate the amount in controversy.  Id.  The court will dismiss the action if "it is apparent to a legal certainty, that the plaintiff was never entitled to recover a sum equal to, or in excess of, the jurisdictional minimum."  Esquilin-Mendoza v. Don King Productions, Inc., 638 F.3d 1, 4 (1st Cir. 2011).

The court stated that Mogaji's allegations in her complaint did not provide enough information to determine the amount in controversy.  Part of the deficiency was that Mogaji asserted harm to business entities and did not differentiate between her own losses and losses to the businesses.  Mogaji was required to provide additional facts, which were to include facts showing her relationship to the businesses she alleges were harmed, the businesses' status, meaning whether they are incorporated or not, the amounts she alleges that the businesses lost due to the defendants' actions, and the causes of any other losses or damages that she is seeking.  She was also required to provide additional facts about a state court writ of possession, that she was challenging.

2

In her new filings, Mogaji states that she "holds power of
attorney to represent the corporate entities involved."  Doc.
26-2, at *1.  A power of attorney does not give Mogaji, who is
proceeding pro se, the ability to represent a corporate entity
or an unincorporated entity in this court.  See, e.g., Johns v.
Cty. Of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); Stratton
by and through Stratton v. North Carolina, 2021 WL 328884, at *2
(W.D. N.C. Feb. 1, 2021); F.L. Roberts & Co., Inc. v. Land-Air
Express of New England, Ltd., 2017 WL 4820381, at *2 (D. Mass.
Oct. 3, 2017).  For that reason, Mogaji cannot represent or make
claims on behalf of Fharah African Restaurant, Softchars Beauty
Studio, Plaza Prints & Design Studio, Convenience Depot Store,
or Forsyte Von Buren.  Therefore, to the extent her claims are
based on harm or losses to corporate entities, rather than
Mogaji herself, those claims are not part of the case and will
not be considered.  Mogaji may make claims on her own behalf for
losses she suffered as a result of harm to businesses that she
owned.

Mogaji states that income tax returns would show "losses in
excess of $150,000 in income, products, and properties."  Doc.
26-2, at *1.  Mogaji does not allege whether those losses were
incurred by her, personally, or by the corporate entities that
she purported to represent.  She may only bring claims on her

own behalf and, therefore, may only claim losses to herself not to corporate entities.

With respect to the writ of possession issued by the state court, Mogaji states that she was deprived of due process in that proceeding and in the appellate process.  She alleges other errors in the proceeding and challenges the final decision. Those allegations cannot be the basis for a claim against the defendants, however, and provide no basis for the amount in controversy in this case.

She further states in regard to the writ of possession that she "was not able to recover their investment of about $300,000."  Doc. 26-2, at *2.  It is not clear who lost $300,000 in investment.  In any case, any alleged infirmities in the writ of possession do not state a claim in this case and do not support the amount in controversy.

Mogaji alleges emotional distress caused by a police presence during her move.  She states the defendants arranged for the police and that she was required to pay for the police detail but does not provide the amount she paid or explain why she was assessed for that cost.  She also complains about the police officers' conduct but does not allege facts to show that the defendants are liable for any harm caused.  To the extent she suffered emotional distress based on the defendants'

actions, that is difficult to quantify for purposes of an amount in controversy, but in the circumstances currently presented to the court it would not rise to $75,000.  See, e.g., Panano v. Ocwen Loan Servicing, LLC, 2019 WL 7039629, at *3 (D. Mass. Dec. 20, 2019).

Mogaji alleges that another tenant destroyed her property, assaulted her, and discriminated against her based on her race and that the defendants ignored her complaints about the tenant. She further alleges that the defendants would inform her customers about her late payments and pending cases against her, which caused her customers to leave.  Again, these allegations require additional detail to understand the extent of the harm Mogaji suffered from the defendants' actions or failures to act.

In her last statement in her affidavit, Mogaji states that "certain properties destroyed were priceless because they were handed down antique properties by a gentleman by the name Louis Cercone who is now deceased."  Doc. 26-2, at *3.  That statement does not provide sufficient information about the properties, their value, and who destroyed them to support the jurisdictional amount.

Mogaji's amended complaint and affidavit do not provide sufficient facts to show that the amount in controversy in this case, that is the amount of loss and harm suffered by Mogaji

herself, and not by other entities, and that was caused by the
defendants, meets or exceeds $75,000.  Nevertheless, her
allegations suggest that more facts may be available to support
her assertion of jurisdiction.  Therefore, it is appropriate to
give Mogaji another opportunity to allege sufficient facts to
show the amount in controversy for jurisdiction in this case.
It is important that in an amended complaint, Mogaji provide
allegations about only the harm she personally claims to have
suffered and the loss that resulted from the defendants'
actions.  She cannot claim harm or loss suffered by other
entities or that was caused by others who are not defendants in
this case.


                            Conclusion

     For the foregoing reasons, the plaintiff's motion to amend
caption (document no. 26) is denied.

     The defendant's motion to dismiss (document no. 27) is
denied without prejudice to file a motion to dismiss after
Mogaji files an amended complaint.

     Mogaji is given one final opportunity to file an amended
complaint that includes sufficient allegations about the harms
and losses that she, herself, suffered because of the
defendants' actions or inactions with sufficient detail to show

the amount in controversy in this case.  Mogaji may file the amended complaint without a motion for leave to do so.  The amended complaint shall be filed **on or before March 30, 2021.**

Failure to file the amended complaint within the time allowed will result in dismissal of the case for lack of subject matter jurisdiction.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

March 1, 2021

cc:  Martha I. O. Mogaji, pro se.
     Counsel of record.