UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Martha Mogaji</u>

    v.                                              Civil No. 20-cv-249-JD
                                                  Opinion No. 2022 DNH 017

<u>Rosa Chan, et al.</u>

O R D E R

Martha I. O. Mogaji, proceeding pro se, brings claims against the owners of property where she rented space to operate several businesses. Mogaji filed a motion for summary judgment and was then granted leave to file an amended motion with supporting exhibits, which she has done. The defendants object, and Mogaji filed a reply.

<u>Standard of Review</u>

"Summary judgment is appropriate when the moving party shows that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" <u>Joseph v. Lincare, Inc.</u>, 989 F. 3d 147, 157 (1st Cir. 2021) (quoting Fed. R. Civ. P. 56(a)). A material fact is one that "'carries with it the potential to affect the outcome of the suit.'" <u>French v. Merrill</u>, 15 F.4th 116, 123 (1st Cir. 2021) (quoting <u>Santiago-Ramos v. Centennial P.R. Wireless Corp.</u>, 217 F.3d 46, 52 (1st Cir. 2000)). A material fact is in genuine dispute if "a reasonable jury could resolve the point in the favor of the non-moving party." <u>Id.</u>

When, as here, the moving party bears the burden of proof, she "cannot prevail unless the evidence [she] provides on that issue is conclusive." E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de P.R., 279 F.3d 49, 55 (1st Cir. 2002). Evidence is conclusive if "no reasonable trier of fact could find other than for the moving party." Torres Vargas v. Santiago Cummings, 149 F.3d 29, 35-36 (1st Cir. 1998). The court construes the record in the light most favorable to the nonmoving party. Benson v. Wal-Mart Stores East, L.P., 14 F.4th 13, 17 (1st Cir. 2021).

Background

Neither Mogaji nor the defendants complied with the requirements of Local Rule 56.1. Both Mogaji and the defendants provided documents and an affidavit to support their positions. The affidavit Mogaji filed, however, attempts to incorporate all of her summary judgment filings by reference and, therefore, is not competent evidence for purposes of Federal Rule of Civil Procedure 56(c)(4).

On July 27, 2015, Mogaji entered into a commercial lease with TRC Trust for Units 2 and 3 at 23 Burnham Road, Hudson, New Hampshire.[1] The lease, as provided by Mogaji, states, among

---

[1] In support of her motion, Mogaji provided a copy of only the first page of the lease. The defendants, however, do not dispute the validity of the lease as presented by Mogaji.

2

other things, that the parking spaces in front of the rented units are for those units; that the landlord granted consent for the tenant to "build-to-suit for multiple businesses;" that the landlord would provide utilities; the lease term, payment and trigger for eviction, and the security deposit amount.  Doc. 58-1.  Mogaji also filed a copy of a check that is apparently the security deposit.

Mogaji applied to the Town of Hudson for permits to allow signs and renovations for the businesses in the rented units.  Mogaji states that she obtained an occupancy certificate but needed a signed authorization from the landlord, and the copy of the authorization is for a site plan review.  Mogaji states that the defendants refused to sign the needed authorization.

The defendants through counsel notified Mogaji of a demand for rent and an eviction notice that was being served on the businesses in Units 2 and 3.[2]  Mogaji states that she paid the late rent, but the defendants continued to refuse to sign the needed authorization.  Mogaji states that she also informed the defendants that she was being harassed by other tenants and had parking issues with other tenants.

The defendant brought an eviction proceeding against Mogaji in June of 2018.  Mogaji answered the eviction complaint and

---

[2] Although the copy of the letter provided is dated May 11, 2017, the date apparently should have been May 11, 2018.

3

contested the eviction proceeding. On August 1, 2018, the New Hampshire Circuit Court, 9th Circuit, District Division, Nashua, New Hampshire, entered judgment in favor of the landlord, the defendants in this case. The court also found against Mogaji on her claim of vandalism. Mogaji appealed that decision, which was dismissed by the New Hampshire Supreme Court on recommendation of the district court because Mogaji failed to pay rent as it became due. The district court then issued a writ of possession for the units on December 26, 2018.

Possession of the units was delivered to the defendants on January 9, 2019, when the locks were changed. Mogaji planned to move out of the property on January 15, 2019. The defendants arranged to have a police officer present during the move to keep peace.

The move did not go smoothly. Mogaji contends that the police officer made threats and interfered with the move. She also contends that others were present who laughed when the officer made fun of Mogaji's name. Mogaji states that the officer demanded payment from her and she refused. When he was not paid, the officer locked the units, which stopped the move.

Mogaji went to court to get a restraining order. Mogaji called Rosa Chan to tell her that she had obtained an order that gave her more time to move, but Chan did not unlock the units. After the delay, the movers demanded payment, and when they were

4

not paid, the movers called the police.  With the officers present, Mogaji agreed to pay the movers what money she had available with the balance to be paid later and required them to write a report of what had happened.  The movers wrote the reports; Mogaji paid them, and the officers ordered everyone to leave.

The restraining order was later revoked, and the case was dismissed.  The New Hampshire Supreme Court affirmed the lower court's ruling that because the units were commercial space, the landlord-tenant statutes for residential property did not apply.

Mogaji filed the complaint in this court that initiated this proceeding on December 24, 2019.  In her amended complaint, she alleges that the defendants breached the parties' agreement, interfered with her businesses, were negligent in their actions that interfered with her move, and seized and damaged her property.  She also alleges violation of the Massachusetts Consumer Protection Act.

## Discussion

In her amended motion, Mogaji states that she seeks summary judgment on "counts of violation of the District Court Order on the Writ of Possession, Temporary Restraining Order; Breach of Contract, Trespass to Chattel, Negligence, and Conversion in violation of 42 U.S.C. § 1981."  As has been previously ordered,

however, Mogaji cannot bring claims challenging state court orders or seeking to enforce state court orders. Doc. no. 25, at 5-6; doc. no. 28. Mogaji also seeks damages on behalf of entities that are not parties in this case, and Mogaji cannot represent their interests. Doc. no. 25; doc. no. 28; doc. no. 37. Further, Mogaji did not allege a claim under § 1981 in her amended complaint, and for that reason, that claim is not considered. Mogaji is limited to the claims alleged in her amended complaint, document no. 31, and with the limitations imposed in prior orders.

A. Breach of Contract

A lease is a contract. Gibson v. LaClair, 135 N.H. 129, 133 (1991). A breach occurs when a party to the contract fails, without legal excuse, to perform any promise that is the whole or a part of the contract. Teatotaller, LLC v. Facebook, Inc., 173 N.H. 442, 447 (2020). "Only a breach that is sufficiently material and important to justify ending the whole transaction is a total breach that discharges the injured party's duties." Fitz v. Coutinho, 136 N.H. 721, 725 (1993).

Mogaji contends that the defendants breached the lease by failing to sign the authorization form that she appended to her motion. Mogaji does not identify what provision in the lease required the defendants to sign the authorization that she

6

appended.  Although the landlord granted consent to Mogaji in the lease to "build-to-suit for multiple businesses," she has not shown that failure to sign the authorization was a violation of that provision or any other provision of the lease.

Therefore, Mogaji provides no evidence that the defendants breached the lease.

### B.  Trespass to Chattels or Conversion

The tort of a trespass to chattels occurs when

> [o]ne who without consensual or other privilege to do so, uses or otherwise intentionally intermeddles with a chattel which is in possession of another is liable for a trespass to such person if, (a) the chattel is impaired as to its condition, quality or value, or (b) the possessor is deprived of the use of the chattel for a substantial time, or (c) bodily harm is thereby caused to the possessor or harm is caused to some person or thing in which the possessor has a legally protected interest.

Foley v. Town of Lee, 871 F. Supp. 2d 39, 54 (D.N.H. 2012) (quoting Glidden v. Szybiak, 95 N.H. 318, 320(1949) quoting Restatement of Torts § 218 (1939)).  It appears that Mogaji contends that the defendants took her property from the units that was left after she was evicted and moved.  She does not develop this theory in support of her motion for summary judgment and, therefore, has not shown that she is entitled to judgment in her favor.

A claim of conversion requires proof that the defendant "exercise[d] dominion or control over goods which [was]

7

inconsistent with the rights of the person entitled to immediate possession." Rinden v. Hicks, 119 N.H. 811, 813 (1979). Conversion does not occur if a person abandons her property or appears to have abandoned the property before the defendant took possession. Id. at 813-14. Again, this claim appears to pertain to property left behind in the units after Mogaji was evicted and moved. Mogaji has not shown that the defendants took any of her property that was not previously abandoned.[3]

## Conclusion

For the foregoing reasons, the plaintiff's motion for summary judgment (document no. 57) is denied.

SO ORDERED.

Joseph A DiClerico, Jr.
United States District Judge

February 17, 2022

cc: Martha Mogaji, pro se.
    Counsel of record.

---

[3] She provides no evidence that the defendants took any of her property. Assuming that her claim pertains to property she left in the units, the circumstances suggest abandonment, which would preclude a claim for conversion.