UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Martha I.O. Mogaji</u>

   v.                                                       Civil No. 20-cv-249-JL
                                                            Opinion No. 2022 DNH 092

<u>Tom Chan, Rosa Chan,</u>
<u>TRC Trust, Nan King Restaurant</u>


**ORDER**

Plaintiff Martha I.O. Mogaji has sued her former landlords for damages following her eviction from commercial premises she had leased. This order addresses the parties' pretrial motions to limit, include or exclude evidence. These rulings are made without prejudice to revisiting particular issues in response to circumstances that might arise during trial. Furthermore, these rulings are limited to grounds argued in the parties' filings and at oral argument. The court reserves the right to assess other factors at trial, such as hearsay, authenticity, and best evidence, see Fed. R. Evid. 800 et seq., 900 et seq., and 1000 et seq., and where appropriate, arguments and grounds not raised by each side.

A. <u>Defendants' Motion in Limine (Doc. No. 84)</u>

    1. <u>Harm or loss to the plaintiff's corporations</u>

The defendants seek to exclude evidence of any loss suffered by any of the corporate entities affiliated with the plaintiff that were tenants at the subject premises. This motion is granted. The court has previously ruled that only the individual plaintiff, Martha I.O. Mogaji, is a party to this suit. <u>See</u> March 31, 2021 Order (Doc. No. 30); June 7, 2021 Order (Doc. No. 37). The plaintiff's affiliated corporate entities are not parties here and have no entitlement to recovery in this litigation. Evidence of loss suffered by those other entities is therefore irrelevant

and inadmissible.  See Fed. R. Evid. 401, 402; see also 28 U.S.C. § 1654 (parties can plead and conduct "their own cases" in federal court); see also United States, ex rel. Busse v. United States, Civ. No. 10-cv-321-JL, 2011 WL 941584, at *5 ("It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities.") (quoting Simon v. Hartford Life Ins. Co., 546 F.3d 661, 665 (9th Cir. 2008)).

    2. <u>Compliance with temporary order</u>

The defendants seek to exclude evidence of harm or loss resulting from their alleged failure to comply with a New Hampshire Circuit Court ex parte order granting the plaintiff seven days to remove property from the premises.  The issuing court later vacated that order and dismissed the plaintiff's case, finding it had issued the order without jurisdiction. (Doc. No. 58-17).  The New Hampshire Supreme Court affirmed the dismissal. (Doc. No. 58-12).

The plaintiff argues that the defendants were nonetheless required to comply with that order between the time it was granted and the time it was vacated.  This is incorrect.  The defendant's motion is granted because the January 15, 2019 order was invalid from its inception, rendering the order irrelevant to these proceedings.  Fed. R. Evid. 401, 402.  See Cooperman v. MacNeil, 465 A.2d 879, 881 (N.H. 1983) ("any action taken by a court without jurisdiction is void and may be challenged at any stage of the proceedings."); In re Sculley, 890 A.2d 914, 915 (N.H. 2006) (vacating lower court's order enforcing child support decree issued without jurisdiction order of reversing declining to enforce);; Hussey v. Town of Barrington, 604 A.2d 82, 85 (N.H. 1982) (variance issued without jurisdiction was "invalid and of no effect; it conferred no rights upon [the party receiving it], as it was void from the very date on which it was issued.").

Accordingly, the temporary order is irrelevant and inadmissible. See Fed. R. Evid. 401, 402. The defendants' motion to exclude evidence of harm or loss resulting from their alleged failure to comply with that order is therefore granted.

3. Failure to cooperate in permitting/res judicata

The genesis of the underlying eviction proceedings in this case was the Town of Hudson notifying the plaintiff that she was violating the town's land use ordinances by, among other things, operating a restaurant and erecting signs at the premises without proper permits. The Town subsequently issued a stop-work order. The defendants commenced eviction proceedings one week later, alleging that the defendants' failure to procure proper permits materially violated the parties' lease agreement. (Doc. 58-5). In this suit, the plaintiff alleges that the defendants breached their obligation to assist the plaintiff in procuring the appropriate permits.

The defendants argue that plaintiff's claim is precluded by the doctrine of res judicata, because: a) the state court awarded the defendants possession of the premises, implicitly finding that the plaintiff breached the lease by failing to obtain the permits; and b) the plaintiff could have raised the defendants' lack of cooperation in the state court proceedings. See Sleeper v. Hoban Family P'ship, 157 N.H. 530, 533 (2008) ("Res judicata precludes the litigation in a later case of matters actually decided, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action.")

Although the plaintiff asserted the defendants' failure to cooperate as a counterclaim in the eviction proceeding, (Doc. No. 58-8 at 4), it is not clear to this court that the state court had the authority to rule on that counterclaim in the absence of a landlord's claim for unpaid rent. See Lukens v. Quigley, No. 2020-0013, 2021 WL 531956, at *5 (N.H. Jan. 15, 2021) (finding that trial court erred by not dismissing tenants' counterclaims where landlord did not assert claim

for unpaid rent.). As the defendant has not briefed the issue of whether the cooperation issue was, or could have been, litigated in the eviction proceeding, defendant's motion to preclude this issue on the basis of res judicata is denied.[1]

B.  Plaintiff's Motion in Limine (Doc. No. 85)

   1. February 17, 2015 Unsigned Lease

The defendants' exhibit list include a document described as "February 17, 2015 lease . . . ." Doc. No. 87 ¶ 2a. The plaintiff asserts that this is an unsigned document. Pltf. Mot. (Doc. No. 85) ¶ 1. Neither party has addressed, explained, or developed this issue in a way that allows the court to resolve it prior to trial. The motion is therefore denied, without prejudice, pending further argument from the parties.

   2. Counterclaims to writ of possession and order vacating temporary order

The plaintiff seeks to exclude from evidence the counterclaims she asserted in the 2018 state court eviction proceedings, (Doc. No. 58-8) and the February 2019 state court order vacating the January 2019 temporary order allowing the plaintiff seven days to move her possessions from the leased premises. (Doc. No. 58-22). Subject to the defendants demonstrating that the counterclaim and February 2019 order are relevant, Fed. R. Evid. 401, 402, plaintiff's motion is denied. It is well-settled that the court can take judicial notice of pleadings and orders in related cases. See E.I. Du Pont de Nemours & Co., Inc. v. Cullen, 791 F.2d 5, 7 (1st Cir. 1986); Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial

---

[1] The end result may be that the matter is res judicata, and that the defendants will ultimately prevail on that basis. That ruling, however, will not be made without briefing as a pretrial evidentiary issue, which would deprive the plaintiff the opportunity to present evidence on the issue before it has been resolved.

jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.).

### 3. Text messages

Plaintiff seeks to exclude certain text message exchanges that the defendants claim occurred on the day plaintiff attempted to move her belongings from the leased premises. She argues that the time on the messages does not "correspond to the occurring events." On these grounds, which appear to be relevance-based arguments as to weight (as opposed to hearsay or best evidence), the plaintiff's motion is denied. Subject to the defendant authenticating the messages, see Fed. R. Evid. 901 et seq., the plaintiff's argument is best addressed through cross-examination of witnesses and non-evidentiary proceedings, such as closing argument.

### 4. Itemization of special damages

With respect to the defendants' counterclaim for unpaid rent, the plaintiff argues that the defendants' failure to provide an itemized list of special damages precludes their damage claim. See Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring a party seeking damages to provide a computation of each category of damages). The motion is denied, as there is no prejudice to the plaintiff. The amount claimed for unpaid rent is indicated in the defendant's counterclaim (Doc. No. 16 ¶¶ 22-23) and pretrial statement (Doc. No. 77). See Fed. R. Civ. P. 37(c)(1) (failure to disclose requires exclusion of evidence unless failure is harmless or substantially justified.). The plaintiff's motion is therefore denied with respect to the defendants' counterclaim for unpaid rent.

5. Attorney's fees

Plaintiff seeks to exclude evidence of defendants' attorney's fees. The defendants have indicated that they are not seeking attorneys' fees. Def. Obj. (Doc. No. 93) ¶ 3. Therefore, this motion is denied as moot.

C. Plaintiff's motions to exclude witnesses (Doc. Nos. 86 and 90)

1. Marie Hamlin[2]

Plaintiff seeks to exclude the testimony of Marie Hamlin, a neighbor in the leased premises. Plaintiff asserts no appropriate grounds for excluding the witness. The asserted grounds – the witness' prior statements and conduct – go to her credibility, rather than the admissibility of her testimony. See, e.g., Fed. R. Evid. 401, 402, 608, 613. Credibility issues are for the trier of fact to resolve. The plaintiff can explore the witness' credibility through cross-examination. Plaintiff's motion is therefore denied as to Marie Hamlin.

2. Tom Chan

Plaintiff cites no specific reason for excluding the testimony of one of the defendants, Tom Chan, other than a general complaint of "trial by ambush." Pltf. Mot. (Doc. No. 90) ¶ 2. The plaintiff can not credibly claim she is surprised by the testimony of a party defendant against whom she brought this lawsuit. Plaintiff's motion is denied as to Mr. Chan.

---

[2]The defendants' pretrial statement (Doc. No. 76) includes witnesses named "Brenda Hamelin" and "Marie Lucce." The plaintiff's motion (Doc. No. 86) seeks to exclude "Marie Hamlin" (or "Hamling"). The defendants' witness list (Doc. No. 87), includes only Marie Lucce, a former tenant at the premises. The court assumes that the plaintiff's motion is directed at the proposed witness, Marie Lucce.

3. Bruce Buttrick

Plaintiff seeks to exclude the testimony of the Town of Hudson's Zoning and Code Enforcement Officer, Bruce Buttrick. Plaintiff includes this witness in her claim of "trial by ambush." The court notes that Mr. Buttrick is included in defendants' pretrial statement (Doc. No. 76). Barring any argument that his name was withheld from a discovery response, this does not constitute "trial by ambush." The plaintiff's motion to exclude Mr. Buttrick's testimony is therefore denied.

## Conclusion

As set forth herein:

--the defendants' motion in limine (Doc. No. 84) is granted in part and denied in part;

--the plaintiff's motion in limine (Doc. No. 85) is granted in part and denied in part;

--the plaintiff's motion in limine is granted in part and denied in part (Doc. No. 86); and

--the plaintiff's motion to exclude witnesses (Doc. No. 90) is denied.

**SO ORDERED.**

_/s/ Joe Laplante_
Joseph N. Laplante
United States District Judge

Dated:  August 3, 2022

cc:   Martha I.O. Mogaji, pro se
      Arthur O. Gormley, III, Esq.